UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

VINCENT RAYSHAWN CANADA,

        Petitioner,         Case No. 1:21-cv-998

v.        Honorable Robert J. Jonker

MICHELLE LAJOYE-YOUNG,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a person detained in the Kent County Correctional Facility in Grand Rapids, Michigan. Petitioner Vincent Rayshawn Canada indicates that he is a pretrial detainee waiting for trial on criminal charges in Kent County Circuit Court case number 21-00991-FH. (Am. Pet., ECF No. 3, PageID.8.) He also alleges that he is being held on material witness warrants issued in two other Kent County Circuit Court criminal prosecutions. (*Id.*, PageID.9.) Although Petitioner does not disclose the case numbers for those cases, publicly available information from the Kent County Sheriff reveals the case numbers: 21-03238-FC and 21-03241-FC. *See* https://www.accesskent.com/InmateLookup/ (search Last Name "Canada," First Name "Vincent," select "Vincent Rayshawn Canada," select "Inmate Charges") (visited December 22, 2021).

Where a pretrial detainee challenges the constitutionality of his pretrial detention, he must pursue relief under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Petitioner seeks relief under that statutory section. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to

determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[1]  If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

### I. Factual allegations

On November 19, 2021, Petitioner filed his initial habeas corpus petition. The Court directed Petitioner to file an amended petition on the approved form. Petitioner filed his amended petition on the approved form on December 14, 2021. The petition raises four grounds for relief, as follows:

I. The 4th Amendment guarantees every person the right to be free from unreasonable seizure. They just put me in jail on these material witness charges without me seeing a judge, period.

II. Direct violation of my 14th Amendment constitutional right to have the due process of law. Arbitrary detention is a constitutional violation.

III. Violation of the Bail Reform Act [18 U.S.C. §§] 3142 & 3144.

IV. There can be no arrest without the due process of law. Mich. Comp. Laws § 767.35 sec. 35.

(Pet., ECF No. 3, PageID.13–15.)

In Petitioner's initial petition, he reported that he appeared and testified at the preliminary examination on January 28, 2021—presumably in one or both of the other criminal

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

cases, not his own—pursuant to subpoena. (Pet., ECF No. 1, PageID.2.) Nonetheless, Petitioner claims, he was detained on material witness warrants thereafter without a hearing.

It is not at all clear that Petitioner was detained on a material witness warrant at that time. Instead, it appears he was detained pending a trial in his own criminal proceedings. The Court reviewed all three files from the Kent County Circuit Court after Petitioner filed his initial petition. There was nothing in the criminal files, other than Petitioner's own criminal file, regarding his detention. It does not appear that Petitioner was detained on the material witness warrant(s) until December 16, 2021. *See* https://www.accesskent.com/InmateLookup/ (search Last Name "Canada," First Name "Vincent," select "Vincent Rayshawn Canada," select "Inmate Charges") (visited December 22, 2021). Since filing his amended petition, it appears that Petitioner has received the hearing he claims he was denied. The amended petition discloses that Petitioner moved for such a hearing on December 2, 2021. (Am. Pet., ECF No. 3, PageID.13.)

## II.     Leave to proceed *in forma pauperis*

Petitioner has filed an application for leave to proceed *in forma pauperis*. (ECF No. 4.) For purposes of the federal *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), Petitioner's application for leave will suffice as an affidavit of indigence. It reasonably appears that paying the cost of the filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Accordingly, the Court will enter an order granting Petitioner's application to proceed *in forma pauperis*.

## III.    Exhaustion of State Court Remedies

A habeas petition under 28 U.S.C. § 2254 requires entry of judgment before relief is available. A motion to vacate sentence under 28 U.S.C. § 2255 similarly requires that a prisoner be "in custody under sentence of a court" before relief is available. Neither of those statutes permits relief to a pretrial detainee. Where a pretrial detainee challenges the constitutionality of

his or her pretrial detention, he or she must pursue relief under 28 U.S.C. § 2241. *Atkins*, 644 F.2d at 546 n.1.

A claim for habeas relief under § 2241 is not subject to all of the specific statutory requirements set forth in § 2254. Thus, the § 2254 bar on habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1), does not apply to a § 2241 habeas petitioner. Nonetheless, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. A federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *See Atkins,* 644 F.2d at 546 & n.1; *see also Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546-47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990). Petitioner's claims regarding his detention on a material witness warrant do not fall within any of these exceptional circumstances.

Moreover, even in cases where pretrial detainees articulate a claim of the type that may constitute an exceptional circumstance, a habeas petitioner must still properly exhaust available state court remedies before proceeding in federal court. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490-91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Except to the extent that Petitioner claims he filed a motion for a hearing, Petitioner does not indicate that he has sought relief in the state courts for the constitutional violations he alleges. It appears that Petitioner's claims have now been heard, but resolution of Petitioner's claims by the Kent County Circuit Court is only the first step in exhausting state court remedies.

Petitioner's statement of his habeas issues suggests that his detention violates 18 U.S.C. §§ 3142 and 3144. Neither section applies to Petitioner. Those provisions are part of the United States Code chapter regarding criminal procedure. They apply only to the prosecution of offenses "against the United States . . . ." 18 U.S.C. § 3401. To the extent Petitioner challenges his pretrial detention pending his own criminal trial, the procedure is governed by Mich. Comp. Laws §§ 765.1 *et seq*. To the extent Petitioner challenges his detention as a material witness, the procedure is governed by Mich. Comp. Laws § 767.35, which provides:

5

> When it appears to a court of record that a person is a material witness in a criminal case pending in a court in the county and that there is a danger of the loss of testimony of the witness unless the witness furnishes bail or is committed if he or she fails to furnish bail, the court shall require the witness to be brought before the court. After giving the witness an opportunity to be heard, if it appears that the witness is a material witness and that there is a danger of the loss of his or her testimony unless the witness furnishes bail or is committed, the court may require the witness to enter into a recognizance with a surety in an amount determined by the court for the appearance of the witness at an examination or trial. If the witness fails to recognize, he or she shall be committed to jail by the court, until he or she does recognize or is discharged by order of the court.

Mich. Comp. Laws § 767.35.

Whether Petitioner is attacking his pretrial detention or his detention as a material witness, state-court remedies are still available to him. Michigan Court Rule 6.106(H) provides for modification of pretrial custody orders—indeed, the rule contemplates circumstances that warrant emergency release. Additionally, the rule provides for appeal of the custody decision by motion. Mich. Ct. R. 6.106(H)(1). It may be that the provisions of that rule also apply to a detained material witness, although the rule is addressed to "[a] *party* seeking review of a release decision . . . ." *Id*. (emphasis added). Even if the rule does not provide an avenue of appeal for Petitioner with regard to his material witness detention, the state habeas corpus remedy plainly does. In fact, the decisions Petitioner cites in his initial petition—*Ex parte Rankin*, 47 N.W.2d 28 (Mich. 1951), *Ex parte Grzyeskowiak*, 255 N.W. 359 (Mich. 1934), and *In re Lewellyn*, 62 N.W. 554 (Mich. 1895)—are all Michigan Supreme Court cases reviewing applications for writ of habeas corpus by detained material witnesses.

Depending on the nature of his present detention, Petitioner must pursue the remedies afforded by Michigan Court Rule 6.106 or by the Michigan habeas corpus statute. If his motion is denied initially, Petitioner must pursue available appeals of that decision. Relief under § 2241 is not available until after Petitioner has pursued his state court remedies.

## IV. Certificate of appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although I conclude that Petitioner has failed to demonstrate that he is entitled to relief under § 2241 and has failed to make a substantial showing of a denial of a constitutional right, I would not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

7

**Conclusion**

The Court will enter a judgment dismissing the petition for lack of exhaustion and an order granting Petitioner's application to proceed *in forma pauperis* but denying a certificate of appealability.

Dated:     December 28, 2021            /s/ Robert J. Jonker
                                                              ROBERT J. JONKER
                                                              CHIEF UNITED STATES DISTRICT JUDGE